Filed 1/21/26  P. v. Johnson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NIESIIA JOHNSON,<br><br>    Defendant and Appellant. | B343764<br><br>(Los Angeles County<br>Super. Ct. No. KA100181) |

        APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

        Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Niesiia Johnson challenges the trial court's order finding her prima facie ineligible for resentencing under Penal Code[1] section 1172.6. The court denied Johnson's petition in a minute order without first appointing counsel or holding a hearing on the ground that she was found guilty as the actual killer. The parties agree that the trial court erred by failing to appoint counsel, but disagree regarding whether the error was harmless.

We agree with the parties that the trial court erred, but conclude that the error was harmless. The record shows that Johnson's jury was not instructed on aiding and abetting, natural and probable consequences murder, felony murder, or any other theory that is no longer valid because it imputes malice to the defendant to impose liability for murder. The jury necessarily convicted Johnson as the actual killer, so she is ineligible for relief as a matter of law.

## PROCEDURAL HISTORY

In 2015, the jury found Johnson guilty of second degree murder (§ 187, subd. (a), count 1) and assault resulting in a child's death (§ 273ab, subd. (a), count 3). The trial court sentenced Johnson to 25 years to life in state prison.

In 2024, Johnson filed a petition for vacatur of her murder conviction and resentencing pursuant to section 1172.6. Johnson utilized a standard form and attested to the following:

"A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable

---

[1] All further statutory references are to the Penal Code.

consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  (Pen. Code, § 1170.95, subd. (a)(l).)

"I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder.  (Pen. Code, § 1170.95, subd. (a)(2).)

"I could not presently be convicted of murder or attempted murder because of changes made to penal code §§ 188 and 189, effective January 1, 2019.  (Pen. code, § 1170.95, subd. (a)(3).)"

In the petition, Johnson requested that the trial court appoint counsel to represent her.

In a minute order dated January 7, 2025, the trial court summarily denied Johnson's petition without appointing counsel. The court found that Johnson was found guilty as the actual killer and was therefore ineligible for relief.

## DISCUSSION

### A.    *Legal Principles*

As pertinent here, section 1172.6, subdivision (a) permits a defendant convicted of murder to seek vacatur of their conviction if the conviction rests on "the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime."

Upon receipt of a facially sufficient petition, the trial court will appoint counsel, if requested.  (*People v. Lewis* (2021) 11 Cal.5th 952, 967; § 1172.6, subd. (b)(3).)  "After the parties have

3

had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)  Within 60 days of issuance of the order to show cause, the trial court shall hold a hearing "to determine whether the petitioner is entitled to relief."  (*Id.*, subd. (d)(1) & (3).)

The court's failure to appoint counsel is a violation of state law, which we review for error under *People v. Watson* (1956) 46 Cal.2d 818.  (*People v. Lewis, supra*, 11 Cal.5th at p. 973.)  The error is harmless if the record of conviction refutes the petitioner's prima facie showing and establishes as a matter of law that the petitioner is not entitled to relief.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947, 957 [summary denial of petition without appointing counsel was harmless error where trial court correctly concluded that the jury's true finding on felony murder special circumstance allegation precluded relief as a matter of law]; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891–893 [trial court's failure to appoint counsel was harmless error where court correctly concluded that record of conviction demonstrated petitioner was "the attempted murderer"].)

In assessing whether a defendant seeking relief under section 1172.6 is entitled to an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask " ' "whether the petitioner would be entitled to relief if [those] allegations were proven." ' "  (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)  " 'However, if the record, including the court's own documents [from the record of conviction, including the jury instructions,] "contain[s] facts refuting the allegations made in

4

the petition," then "the court is justified in making a credibility determination adverse to the petitioner" ' " and denying the petition without an evidentiary hearing. (*Ibid.*) Where, as here, we are reviewing the jury instructions in the record of conviction, our review is de novo.[2] (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)

## B.   *Analysis*

Johnson contends, and the People concede, that because she filed a facially sufficient petition, the trial court violated section 1172.6, subdivision (b)(3) by refusing to appoint counsel to represent her. She further contends that the court's error was not harmless because, if true, the facts she pled in her petition would entitle her to relief. The People argue that the error is harmless because Johnson is ineligible for relief as a matter of law.

We agree with the parties that the court's refusal to appoint counsel was error, but conclude that the error was harmless. The record demonstrates that the jurors were not instructed on aiding and abetting, natural and probable consequences murder, felony murder, or any other theory that is no longer valid because it imputes to the defendant liability for murder. Johnson makes no effort on appeal to identify anything else in the record of conviction that could suggest a now invalid theory of murder was presented to the jury at trial, and our review of the record confirms there was no such improper theory.

---

[2] The jury instructions are not contained in the record on appeal. We take judicial notice of the record in the prior appeal, *People v. Johnson* (Apr. 13, 2017, No. B269062).

The jury necessarily convicted Johnson as the actual killer; Johnson is therefore ineligible for relief as a matter of law. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [petitioner is prima facie ineligible for relief where the jury was not instructed on any theory of liability for murder that required malice to be imputed to him].)

## DISPOSITION

The trial court's order is affirmed.
NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.

7